*1159 OPINION.
Murdock :
Section 302 (d) of the Revenue Act of 1926, as amended, provides that the gross estate of a decedent shall include the value of property transferred in trust by the decedent “where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * The Commissioner takes the position that the decedent expressly reserved to himself the power to change the enjoyment of the trust by amendment. The petitioners contend that the power to amend reserved by the decedent was not a power to change the enjoyment of the trust but was merely a power to amend as to “the mechanics or details.” They cite Dort v. Helvering, 69 Fed. (2d) 836, which in turn cited Porter v. Commissioner, 288 U. S. 436, to the effect that the act would not apply to powers affecting the mere mechanics of a trust.
The limitation upon the decedent’s power to amend is shown, according to the petitioners, first by the context of paragraph eighth of the declaration of trust, wherein it is provided that after the death of the donor and his wife the State Street Trust Co. or its successor and any duly appointed cotrustee may amend the trust “in a similar manner.” The argument is that the same power which the decedent reserved for himself might become exercisable by the Trust Co. alone and it is highly improbable that a settlor would give an inanimate trustee the power to amend the provisions of the trust so as to change the rights of the beneficiaries. The petitioners also argue that the intent of the settlor to so limit his power to amend is shown by his desire to provide equally. for his children and by the construction which he and the Trust Co. placed upon paragraph eighth.
An assistant trust officer of the State Street Trust Co. testified that he was1 consulted in 1934 in regard to an income tax controversy involving the year 1931.' He told Robert Storer that the Trust Co. interpreted the deed as permitting only minor changes for better administration and as not permitting revocation or material changes in the beneficial interests. There is testimony of statements by the decedent that he desired to provide equally for his children and believed he could not disturb the equal shares fixed by the original deed but was permitted to amend only as to details. Nevertheless, he made a substantial change in the second paragraph, which seems to have changed the enjoyment of the trust property. Cf. Boston Safe *1160 Deposit & Trust Co., et al., Executors, 34 B. T. A. 911. Since the first sentence of paragraph eighth provides in so many words that the declaration of trust may be amended at any time after the death of the wife by the settlor acting alone, it would require clear and convincing evidence to show that the settlor did not intend to give and did not actually give himself full power to amend. Our best judgment, after consideration of all of the evidence, is that the enjoyment of the trust was subject at the date of the death of the decedent to a change through the exercise of a power by the decedent alone to amend within the meaning of section 302 (d). Cf. Porter v. Commissioner, 288 U. S. 436; Dort v. Helvering, 69 Fed. (2d) 836; certiorari denied, 293 U. S. 569.
The petitioners make two alternative contentions in case it is held that the power to amend could affect the enjoyment of the trust property. The first is that “the power to amend was also exercisable by the surviving trustee and, therefore, upon the decedent’s death no assurance passed from the dead to the living and there was no taxable event.” This argument is specious. The decedent had a power to alter up to the time of his death and that power ceased at his death. That circumstance is sufficient to support the tax. Cf. Porter v. Commissioner, supra; Reinecke v. Northern Trust Co., 278 U. S. 339. The power in the surviving trustees did not prevent the decedent’s power over the trust property from terminating at his death. He could have exercised his power of amendment by striking out the last sentence of paragraph eighth had he so desired. This circumstance distinguishes the case of Fanny M. Dravo et al., Executors, 40 B. T. A. 309.
The petitioners’ other alternative contention is based upon the proposition that section 302 (d), which first appeared in the Revenue Act of 1924, should not be applied to property transferred to the trust prior to its enactment, over which the decedent retained no power in himself acting alone. They point out that originally he had to have the consent of his wife, who had an adverse interest.
An adequate answer to this argument is that he could have surrendered the power and escaped tax on the trust property, but instead he chose to retain the power which he was free to exercise acting alone after the death of his wife in 1924. Commissioner v. Chase National Bank, 82 Fed. (2d) 157; certiorari denied, 299 U. S. 552; Stewart W. Bowers, Trustee, 34 B. T. A. 597. Thus, no retroactive effect results here from the application of section 302 (d).

Decision will he entered imder Rule 50.